IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-20052-01-JWL |
| ) | |
| NAGY SHEHATA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court[1] on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 169). For the reasons set forth below, the Court **grants** the motion. The Court reduces defendant's sentence to time served; it extends defendant's period of supervised release to a total of three years; and it orders home confinement as an additional term of supervised release for a period of two years.[2]

Defendant pleaded guilty to conspiracy to commit wire fraud, and the Court sentenced him to a term of imprisonment of 32 months and restitution in the amount of $8,362,200. Defendant began that term on November 27, 2019, and he is presently incarcerated at Giles W. Dalby CI.

---

[1] This case was reassigned to the undersigned judge on April 3, 2020.
[2] The required restitution included in defendant's sentence is not affected by this order.

Defendant seeks immediate release from prison because his medical conditions place him at an elevated risk of harm from the ongoing COVID-19 coronavirus pandemic (which has now reached defendant's facility). The Government concedes that defendant's advanced age (60 years) and his medical conditions – which include type II diabetes, hypertension, hyperlipidemia, rheumatoid arthritis, thalassemia, coronary disease including heart blockage, gout, venous insufficiency, and anemia – provide the necessary "extraordinary and compelling" reasons for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. The Government also does not dispute that defendant satisfies Section 1B1.13's requirement that the defendant not be a danger to the safety of others.

The Government argues that a reduction to time served would mean that defendant has not served a sufficient sentence in light of the seriousness of the offense. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the consideration of applicable Section 3553(a) factors); 18 U.S.C. § 3553(a). Defendant has agreed to the imposition of home confinement as a term of his supervised release, however, and two years of home confinement in this case means that defendant will essentially serve his entire 32-month sentence.³ The extraordinary and

---

³ The Court may impose as a condition of supervised release that a defendant "remain at his place of residence during nonworking hours and, if the court finds it appropriate, that compliance with this condition be monitored by telephonic or electronic signaling devices," if the condition is imposed "as an alternative to incarceration." *See* 18 U.S.C. §§ 3583(d)(3), 3583(e)(4), 3563(b)(19). In this case, this condition would be imposed as an alternative to defendant's continued incarceration. The Court is also authorized to extend a term of supervised release. *See id.* § 3583(e)(2); *see also United States v. Begay*, 631 F.3d 1168, 1172 (10th Cir. 2011) (no findings are required for modification of a term of supervised release). As defendant has agreed to home Continued…

compelling circumstances arising from defendant's risk of serious harm in prison from the virus may only be remediated effectively by his release, and the Court concludes in this case, upon consideration of the Section 3553(a) factors, that his time in prison and the period of home confinement (with an additional year of supervised release) satisfy the need for punishment of defendant.

Finally, the Government notes that defendant is subject to a DHS/ICE detainer for possible deportation to Egypt upon release. The parties agree, however, that such detainer does not inhibit this Court's authority to release defendant under Section 3582(c)(1)(A). The Court agrees with defendant that the detainer should not prevent his release in this case, as any future issues may be addressed to immigration authorities. Moreover, defendant's plan of release to his family's home is reasonable on its face.[4]

Accordingly, the Court concludes in its discretion that reduction of defendant's sentence to time served, along with home confinement and an extended period of supervised release, is warranted in light of the extraordinary and compelling circumstances

---

confinement as a term of supervised release, he is deemed to have waived the right to a hearing on that modification. *See* Fed. R. Crim. P. 32.1(c). Moreover, this relief by the Court is expressly conditioned on defendant's acceptance of an additional year of supervised release, and thus defendant is deemed to have waived a hearing on that modification. If defendant does not accept this condition, he shall immediately notify the Court, and this order will be vacated.

[4] Because the Probation Office has not yet had the opportunity to approve defendant's proposed release plan, this Order is stayed for up to 14 days to allow for such approval. Moreover, defendant is ordered to reside in a reentry center (halfway house) for a period after release to allow for the possibility that the release plan is not initially approved; if the release plan is approved, the parties may petition to have this condition removed.

arising from the pandemic and defendant's elevated risk of serious harm from the virus. The Court therefore grants the motion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 169) is hereby **granted**. Defendant's term of imprisonment is reduced to time served.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's period of supervised release is hereby extended to a total period of three years. All previously-imposed terms and conditions of defendant's supervised release remain in effect.

IT IS FURTHER ORDERED THAT the Court imposes the following additional condition for defendant's period of supervised release: Defendant shall be placed on home detention for a period of two (2) years, to commence within ten (10) business days. During this time, defendant shall remain at his place of residence except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the U.S. Probation Officer. Defendant shall be required to wear a location monitoring device, which will include Radio Frequency, Global Positioning System and/or Random Tracking at the discretion of the probation officer, and defendant shall abide by all technology requirements. Defendant shall follow all location monitoring procedures

specified by the probation officer, and defendant must contribute toward the cost, to the extent that he is financially able to do so, as directed by the Court or the probation officer.

IT IS FURTHER ORDERED THAT this Order is stayed for up to fourteen (14) days, for the verification of defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure defendant's safe release. Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for defendant to travel. There shall be no delay in ensuring that travel arrangements are made. If more than fourteen (14) days are needed to make appropriate travel arrangements and to ensure defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

IT IS FURTHER ORDERED THAT defendant must reside in a residential reentry center for a term of up to 60 days in the prerelease component allowing for work release. Defendant must comply with the policies and procedures of the residential re-entry center.

IT IS SO ORDERED.

Dated this 6th day of August, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge